# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TRACY J. GALLOWAY, <br><br> PLAINTIFF, <br><br> v. <br><br> TRANSAM TRUCKING, INC. and JOSE R. MORALES, <br><br> DEFENDANTS. | CIVIL ACTION NO. |

_____

## NOTICE OF REMOVAL
_____

COME NOW, Defendants TransAm Trucking, Inc. ("TransAm") and Jose Morales Ortiz, (improperly named as Jose R. Morales) ("Ortiz") (collectively, "Defendants") and hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice, Defendants state as follows:

### PROCEDURAL BACKGROUND AND PREREQUISITES

1. Plaintiff commenced a civil action against Defendants on or about April 15, 2020, in the State Court of Fulton County, State of Georgia, Civil Action File No. 20EV002252 (the "State Court Action").

1

2. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Defendant TransAm was served with a copy of the State Court Action on April 16, 2020, and Defendant Ortiz was served with a copy of the State Court Action on April 27, 2020.[1]

3. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** are copies of all process and pleadings served upon Defendants to date in the State Court Action. (*See* Ex. A.)

4. A removal notice and a copy of the instant Notice of Removal shall be filed with the Clerk of the State Court of Fulton County, State of Georgia, and shall be served on Plaintiff. A true and correct copy of the removal notice that the undersigned will file with the Clerk of the State Court for Fulton County, State of Georgia is attached hereto as **Exhibit B**.

5. Removal to this Court is proper pursuant to 28 U.S.C. §§ 1441 and 1446 because the State Court Action is currently pending in this Judicial District.

---

[1] Plaintiff's Complaint in the State Court Action originally named RLI Insurance Company as a Defendant. However, the Parties filed a Consent Motion Dismissing RLI without prejudice as RLI is an excess insurer and was improperly named as a Defendant in the Complaint under Georgia's direct action statutes. The State Court signed an Order granting the Consent Motion and dismissed RLI as a party on April 22, 2020. (*See* Ex. A.)

## Diversity Jurisdiction

6. Removal of this action is proper under 28 U.S.C. § 1332 because the citizenships of the parties are fully diverse and the amount in controversy for Plaintiff's claim is more than $75,000.00 exclusive of interest and costs.

### *Complete Diversity of Citizenship*

7. Both at the time the Complaint was filed and at the time of filing this Notice of Removal, Plaintiff Tracy J. Galloway was and has remained a citizen of the State of Georgia.

8. Defendant TransAm is a Missouri corporation with its principal place of business in Kansas, and as a result, is considered a citizen of the State of Kansas for the purposes of diversity jurisdiction analysis. (Compl. ¶ 4.)

9. Defendant Ortiz is a citizen and resident of the state of New York. (Compl. ¶ 2.)

10. Accordingly, there exists complete diversity of citizenship between the Plaintiff and all the Defendants.

### *Amount in Controversy*

11. As a result of claimed "injuries and damages including severe physical injuries," Plaintiff alleges he has incurred and is entitled to recover compensatory, special, and general damages, to include past and future "medical expenses and other

necessary expenses, lost income, and mental and physical pain and suffering." (Compl. ¶¶ 25 and 34.)  Plaintiff also seeks punitive damages and expenses of litigation in an unspecified amount.  (Compl. ¶¶ 35-40.)

12. Although Plaintiffs' Complaint does not specify the amount of damages claimed, Plaintiffs' pre-suit demand helps to establish that the amount in controversy threshold is satisfied.  *See* Declaration of Clay S. O'Daniel, attached hereto as **Exhibit C**.

13. Specifically, the demand submitted on behalf of Plaintiff identifies medical expenses from four (4) providers totaling $58,766.61.  The demand also claims Plaintiff suffered lost wages of $35,200.00 for a special damages total of $93,966.61. (*See* Ex. C, ¶ 4.)  Plaintiff claims the injuries he alleges he suffered in the accident are permanent and will cause "physical impairment, medical and other expenses, lost income, and mental and physical pain and suffering" in the future. (Compl. ¶¶ 25 and 34.)

14. Plaintiff demanded $475,000.00 to settle his claims pre suit.  (*See* Ex. C, ¶ 5.)

15. Pre-suit demand letters are commonly utilized by district courts in their analysis of whether the jurisdictional threshold has been met in a particular case. *See e.g., Javits v. State Farm Fire & Cas. Co.*, No. 1:13-cv-487-WSD, 2014 U.S.

Dist. LEXIS 119085, at *18 (N.D. Ga. 2014) (finding pre-suit demand letter totaling $83,068.04 supported the amount in controversy exceeding $75,000); *Southern Ins. Co. v. Karrer*, No. 3:10-cv-84-CAR, 2011 U.S. Dist. LEXIS 29375, at *10-11 (M.D. Ga. 2011) (considering pre-suit demand of $50,000 where Plaintiff incurred only $3,317 in past medical expenses in ultimately concluding that the $75,000 jurisdictional threshold had been met.)

16. In circumstances such as presented in the instant case, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Plaintiff has claimed compensatory damages, including non-economic damages and special damages in the form of present and future medical expenses. Plaintiffs also seek punitive damages and expenses of litigation.

17. Unspecified claims for general damages may be used to satisfy the amount in controversy requirement for removal. *See Buescher v. Falcon Mezzanine Partners, LP*, No. 7:07-CV-89 (HL), 2008 U.S. Dist. LEXIS 41809, at *10 (M.D. Ga. 2008) (confirming that it is "undoubtedly true" that the Eleventh Circuit permits litigants to use general damages to satisfy the amount in controversy requirement); *Turner v. Wal-Mart Stores, Inc.*, No. 7:11-CV-181 (HL), 2012 U.S. Dist. LEXIS 2428, *3 (M.D. Ga. 2012) (finding special damages totaling $58,652.94 and

unspecified general damages were sufficient for amount in controversy requirement). Claims for punitive damages may also be considered for purposes of determining the amount in controversy in the removal analysis. *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014). When accompanied by evidence, the Court is permitted to use "reasonable deductions, reasonable inferences, or other reasonable extrapolations" in assessing amount in controversy. *Pretka*, 608 F.3d at 754.

18. Here, Plaintiff's articulated special damages of $93,966.61 detailed in his pre-suit demand alone exceed the $75,000.00 jurisdictional threshold.

19. Accordingly, based on Plaintiff's allegations and the evidence of special damages incurred to date presented by Plaintiff in his demand, the amount in controversy in this case exceeds $75,000.00.

**WHEREFORE**, for the foregoing reasons, this Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332, and removal of the action to this Court is proper pursuant to 28 U.S.C. § 1441. Defendants respectfully request that this action proceed before this Court.

Respectfully submitted this 12th day of May, 2020.

                                O'DANIEL McDONALD, LLC

                                <u>/s/ Clay S. O'Daniel</u>
                                Clay S. O'Daniel
                                Georgia Bar No. 843070
                                Joel P. Purser
                                Georgia Bar No. 748466
                                9040 Roswell Road, Suite 500
                                Atlanta, GA 30350-3939
                                (404) 419-6300
                                (404) 419-6301 (fax)

                                *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served the Plaintiff's counsel of record with a copy of the within and foregoing **NOTICE OF REMOVAL OF ACTION** via mail and by using the CM/ECF system to the following attorneys of record:

Michael W. Horst
Zachary S. Shewmaker
Horst Shewmaker, LLC
3030 Royal Blvd. South, Ste. 125
Alpharetta, GA 30022

This 12th day of May, 2020.

/s/ Clay S. O'Daniel
Clay S. O'Daniel
