# Exhibit A

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 65579622
Date: Apr 15 2020 02:40PM
LeNora Ponzo, Chief Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| TRACY J. GALLOWAY,<br><br>     Plaintiff,<br><br>v.<br><br>RLI INSURANCE COMPANY, TRANSAM TRUCKING, INC. and JOSE R. MORALES ORTIZ,<br><br>     Defendants. | CIVIL ACTION FILE NO. _____ |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, TRACY J. GALLOWAY, and files this *Complaint for Damages and Demand for Jury Trial* against the above-named Defendants, showing the Court as follows:

1.      This matter is an action for personal injuries to Plaintiff, who was injured in a motor vehicle wreck on August 8, 2018 ("the wreck") that was caused by the negligent conduct of Defendant TRANSAM TRUCKING, INC.  ("Trucking Company") and its driver, JOSE R. MORALES ORTIZ ("Truck Driver"). Trucking Company's insurer is RLI INSURANCE COMPANY ("Insurer").  Trucking Company, Truck Driver, and Insurer are collectively referred to as "Defendants."

## PARTIES, JURISDICTION, AND VENUE

2.      Defendant Truck Driver is a citizen and resident of New York who may be served with the Complaint and Summons at his home, which is located at 120 Astoria Boulevard, Apartment 6F, Astoria, Queens County, New York 11102.

3.     Defendant Truck Driver has been properly served with the Complaint and Summons.

4.     Defendant Trucking Company is a corporation which was incorporated in the State of Missouri with its principal place of business located in the State of Kansas.  Defendant Trucking Company may be served with the Complaint and Summons as provided by law by serving its Georgia agent, The Financial Integrity Group/Dawn Richardson, located at 410 East Taylor Street, Suite G, Griffin, Spalding County, Georgia 30223.

5.     Defendant Trucking Company has been properly served with the Complaint and Summons.

6.     Defendant Insurer is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located therein.  It is authorized to transact business in the State of Georgia.  Defendant Insurer may be served with the Complaint and Summons as provided by law by serving its Georgia registered agent, which is Corporation Service Company, and which is located at 40 Technology Parkway South # 300, Norcross, Gwinnett County, Georgia 30092.

7.     Defendant Insurer has been properly served with the Complaint and Summons.

8.     As this case is not one where another court is given exclusive jurisdiction by the Georgia Constitution, this Court has subject matter jurisdiction to hear this matter.

9.     At the time of the events giving rise to this action, Defendants resided in Georgia, transacted business in Georgia, and/or committed tortious acts or omissions in Georgia.

10.     On account of these purposeful contacts with the State of Georgia, this Court has personal jurisdiction over them.

11.     Venue is proper in this Court.

## FACTS

12.     On August 8, 2018, Plaintiff was traveling on Interstate 285 in Fulton County, Georgia.

13.     At the same time, Defendant Truck Driver was operating a tractor-trailer, also on Interstate 285, but Defendant Truck Driver was behind Plaintiff.

14.     Defendant Trucking Company owned the vehicle being operated by Defendant Truck Driver.

15.      When traffic slowed ahead, Defendant Truck Driver failed to stop in time and he rear-ended Plaintiff's vehicle.

16.     Defendant Truck Driver's truck suffered disabling damage and it had to be towed from the scene.

17.     Law enforcement investigated the collision and issued a citation to Defendant Truck Driver, pursuant to O.C.G.A. § 40-6-49, for following too closely.

## COUNT ONE – NEGLIGENCE AS TO DEFENDANT TRUCK DRIVER

18.     Plaintiff incorporates the foregoing allegations as if fully restated herein.

19.     At all times relevant to this action, Defendant Truck Driver, as the driver of a commercial motor vehicle, had a duty under Georgia state law and the Federal Motor Carrier Safety Regulations to operate the truck in a safe and reasonable manner; to maintain a proper lookout; to avoid distraction; to avoid traveling too fast for conditions; to avoid following too closely; to avoid driving distracted; and to exercise the appropriate standard of care and skill when operating the truck.

20.     Defendant Truck Driver violated one or more of those civil duties.

21.     Defendant Truck Driver was also negligent by failing to drive his vehicle with

due caution and circumspection and in a manner so as to avoid endangering the persons and property of others.

22.     The violation of the aforementioned duties constitutes negligence and negligence *per se*.

23.     Plaintiff was not negligent in any way in causing the wreck.

24.     No third-party caused or contributed to the wreck.

25.     As a direct and proximate result of the breaches of duty by Defendant Truck Driver, Plaintiff suffered injuries and damages including severe physical injuries, medical expenses and other necessary expenses, lost income, and mental and physical pain and suffering. These injuries are permanent and, in the future, Plaintiff will suffer physical impairment, medical and other necessary expenses, lost income, and mental and physical pain and suffering.

## COUNT TWO – VICARIOUS LIABILITY OF DEFENDANT TRUCKING COMPANY

26.     Plaintiff incorporates the foregoing allegations as if fully restated herein.

27.     At the time of the wreck, Defendant Truck Driver was an employee or agent of Defendant Trucking Company and he was acting within the scope of his employment with Defendant Trucking Company.

28.     At the time of the wreck, Defendant Truck Driver was acting in furtherance of the business of Defendant Trucking Company.

29.     Under the principles of *respondeat superior*, actual or apparent agency, and/or lease liability, Defendant Trucking Company is vicariously liable for the negligent acts and/or omissions of Defendant Truck Driver that led to the injuries suffered by Plaintiff.

30.     Plaintiff is entitled to recover damages from Defendant Trucking Company due to its vicarious liability for Defendant Truck Driver's negligent acts and omissions.

## COUNT THREE – DIRECT NEGLIGENCE CLAIMS
## AGAINST DEFENDANT TRUCKING COMPANY

31.     Plaintiff incorporates the foregoing allegations as if fully restated herein.

32.     In addition to being vicariously liable to Plaintiff for Defendant Truck Driver's negligent acts and omissions, Defendant Trucking Company is independently negligent for its negligent hiring, training, supervision, and retention of Defendant Truck Driver; for negligently entrusting Defendant Truck Driver with the truck; for failing to adhere to all state and federal laws governing trucking companies; and for failing to ensure Defendant Truck Driver adhered to such laws and regulations.

33.     As a result of Defendant Trucking Company's negligent acts and omissions set forth in this count, Defendant Trucking Company is liable to Plaintiff for the injuries suffered by Plaintiff.

34.     As a direct and proximate result of the breaches of duty by Defendant Trucking Company, Plaintiff suffered injuries and damages including severe physical injuries, medical expenses and other necessary expenses, lost income, and mental and physical pain and suffering. These injuries are permanent and, in the future, Plaintiff will suffer physical impairment, medical and other necessary expenses, lost income, and mental and physical pain and suffering.

## COUNT FOUR – PUNITIVE DAMAGES

35.     Plaintiff incorporates the foregoing allegations as if fully restated herein.

36.     Defendant Truck Driver and Defendant Trucking Company's actions set forth above show, by clear and convincing evidence, willful misconduct, malice, or that entire want of care which would raise the presumption of conscious indifference to consequences, and that warrants the imposition of punitive damages pursuant to O.C.G.A. § 51-12-5.1.

37.     Accordingly, in order to punish, penalize, and deter Defendant Truck Driver and Defendant Trucking Company, they are liable to Plaintiff for punitive damages.

<u>**COUNT FIVE – EXPENSES OF LITIGATION**</u>

38.     Plaintiff incorporates the foregoing allegations as if fully restated herein.

39.     Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense.

40.     Defendants are liable to Plaintiff for expenses of litigation, including attorney's fees, pursuant to O.C.G.A. § 13-6-11.

<u>**COUNT SIX – DIRECT ACTION**</u>

41.     Plaintiff incorporates the allegations set forth in the foregoing paragraphs as if fully restated herein.

42.     Defendant Trucking Company's United States Department of Transportation number is 315503.

43.     Defendant Trucking Company's Motor Carrier number is 197897.

44.     At the time of the wreck, Defendant Trucking Company was operating as a motor common carrier as defined by the laws of the State of Georgia and the Federal Motor Carrier Safety Regulations.

45.     At the time of the wreck, Defendant Trucking Company was operating as a motor contract carrier as defined by the laws of the State of Georgia and the Federal Motor Carrier Safety Regulations.

46.     At the time of the wreck, Defendant Trucking Company was authorized to transport property for hire over the public highways.

47.     At the time of the wreck, Defendant Trucking Company's vehicles transported a number of different types of cargo including general freight, fresh produce, meat, refrigerated food, beverages, and paper products.

48.     At the time of the wreck, Defendant Trucking Company's vehicles engaged in intrastate commerce in Georgia.

49.     At the time of the wreck, Defendant Trucking Company's vehicles engaged in interstate commerce in Georgia.

50.     At the time of the wreck, Defendant Trucking Company had registered with the State of Kansas as its base state pursuant to the requirements of the Unified Carrier Registration Act of 2005.

51.     At the time of the wreck, Defendant Trucking Company had paid all fees to the State of Kansas as required by the Unified Carrier Registration Act of 2005.

52.     All elements necessary to sue Defendant Insurer pursuant to Georgia's direct statute are met.

53.     Defendant Insurer is a proper party.

54.     Defendant Insurer is responsible for any judgment rendered against Defendant Trucking Company or Defendant Truck Driver up to the amount of Defendant Insurer's policy limits.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray as follows:

(a)     That process issue and that Defendants be served according to law;

(b)     That Plaintiff have a verdict and judgment against Defendants to compensate him for special damages including for severe physical injuries, medical expenses and

other necessary expenses, lost income, and mental and physical pain and suffering;

(c)     That Plaintiff have a verdict and judgment against Defendants Truck Driver and Trucking Company for punitive damages pursuant to O.C.G.A. § 51-12-5.1;

(d)     That Plaintiff have a verdict and judgment against Defendants for expenses of litigation pursuant to O.C.G.A. § 13-6-11;

(e)     That Plaintiff have a trial by jury;

(f)     That all costs be cast against Defendants; and

(g)     That Plaintiff have such other and further relief as this Court deems just and proper.

HORST SHEWMAKER, LLC

*/s/ Michael W. Horst*
MICHAEL W. HORST
Georgia Bar No. 367837
ZACHARY S. SHEWMAKER
Georgia Bar No. 858381
*Counsel for Plaintiff*

3030 Royal Blvd. South, Suite 125
Alpharetta, Georgia 30022
T: (404) 400-1175
F: (404) 400-1176
E:  michael@horstshewmaker.com
     zach@horstshewmaker.com

**General Civil and Domestic Relations Case Filing Information Form**

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 65579622
Date: Apr 15 2020 02:40PM
LeNora Ponzo, Chief Clerk
Civil Division

☐ Superior or ☒ State Court of _____FULTON_____ County

| For Clerk Use Only | |
|---|---|
| Date Filed _____ | Case Number _____ |
| MM-DD-YYYY | |

**Plaintiff(s)**

| Galloway | Tracy | J. | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

| RLI | Insurance | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Transam | Trucking | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Ortiz-Morales | Joes | R | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Michael W. Horst, Esq. **State Bar Number** 367837 **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**

- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
Case Number                              Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
**File & ServeXpress**
Transaction ID: 65579622
Date: Apr 15 2020 02:40PM
LeNora Ponzo, Chief Clerk
Civil Division

TO:              **All Judges, Clerks of Court, and Counsel of Record**

FROM:            **Michael W. Horst, Esq.**

RE:              **Notice of Leave of Absence**

DATE:            **April 15, 2020**

COMES NOW, Michael W. Horst, Esq., pursuant to Uniform Superior Court Rule 16, and respectfully notifies all judges before whom he has this case pending, all affected clerks of court, and all opposing counsel, that he will be on leave as shown below.

1.       The periods of leave during which time Applicant will be away from the practice of law are: **May 26-29, 2020, July 1-3, 2020, September 8-11, 2020, November 23-30, 2020 and December 23, 2020 through January 6, 2021.**  Applicant states he will be out of the Country or State, on personal vacation, or participating in continuing legal education during the indicated periods of time and will be unable to participate in trials, hearings, depositions, and other legal proceedings during this periods.

2.       All affected judges and opposing parties shall have ten (10) days from the date of this Notice to object to it.  If no objections are filed, the leave shall be granted.

HORST SHEWMAKER, LLC

*/s/ Michael W. Horst*
MICHAEL W. HORST
Georgia Bar No. 367837
ZACHARY S. SHEWMAKER
Georgia Bar No. 858381
*Counsel for Plaintiff*

3030 Royal Blvd. South, Suite 125
Alpharetta, Georgia 30022
T: (404) 400-1175
F: (404) 400-1176
E: michael@horstshewmaker.com
   zach@horstshewmaker.com

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
**File & ServeXpress**
Transaction ID: 65579622
Date: Apr 15 2020 02:40PM
LeNora Ponzo, Chief Clerk
Civil Division

**TO:**       **All Judges, Clerks of Court, and Counsel of Record**

**FROM:**     **Zachary S. Shewmaker, Esq.**

**RE:**       **Notice of Leave of Absence**

**Date:**     **April 15, 2020**

---

COMES NOW, Zachary S. Shewmaker, pursuant to Uniform Superior Court Rule 16.1, and respectfully notifies all judges before whom he has a case pending, all affected clerks of court, and all opposing counsel, that he will be on leave and away from the practice of law on the following dates or periods of time: **April 6-10, 2020; April 20, 2020; April 23-24, 2020; May 15, 2020; June 15, 2020; July 10, 2020; July 23-24, 2020; July 27-31, 2020; August 3, 2020; September 25, 2020; December 28, 2020 – January 1, 2021**.

Counsel states that he will be out of the Country or the State, on personal vacation, or participating in continuing legal education during the indicated periods of time and will be unable to participate in trials, hearings, depositions, and other legal proceedings during these periods.

All affected judges and opposing parties shall have ten (10) days from the date of this notice to object to it. If no objections are filed, the leave shall be granted.

HORST SHEWMAKER, LLC

_____
ZACHARY S. SHEWMAKER
Georgia Bar No. 858381
MICHAEL W. HORST
Georgia Bar No. 367837
*Counsel for Plaintiffs*

3030 Royal Blvd. South, Suite 125
Alpharetta, Georgia 30022
T: (404) 400-1175
F: (404) 400-1176
E: michael@horstshewmaker.com
    zach@horstshewmaker.com

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
**File & ServeXpress**
Transaction ID: 65579622
Date: Apr 15 2020 02:40PM
LeNora Ponzo, Chief Clerk
Civil Division

## STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE #: _____

TRACY J. GALLOWAY
_____
_____
_____
Plaintiff's Name, Address, City, State, Zip Code

vs.

JOSE R. MORALES ORTIZ, et. al.
_____
_____
_____
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Michael W. Horst, Esq.

Address: 3030 Royal Blvd. South, Suite 125

City, State, Zip Code: Alpharetta, Georgia 30022          Phone No.: (404) 400-1175

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.          _____
                                                                                                        DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.      _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
**File & ServeXpress**
Transaction ID: 65579622
Date: Apr 15 2020 02:40PM
LeNora Ponzo, Chief Clerk
Civil Division

## STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE #: _____

TRACY J. GALLOWAY
_____
_____
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

RLI INSURANCE COMPANY, et. al.
_____
_____
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Michael W. Horst, Esq.

Address: 3030 Royal Blvd. South, Suite 125

City, State, Zip Code: Alpharetta, Georgia 30022      Phone No.: (404) 400-1175

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.     _____
                                                              DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
**File & ServeXpress**
Transaction ID: 65579622
Date: Apr 15 2020 02:40PM
LeNora Ponzo, Chief Clerk
Civil Division

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: _____

TRACY J. GALLOWAY
_____
_____
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

TRANSAM TRUCKING, INC., et. al.
_____
_____
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

 You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Michael W. Horst, Esq.
_____

Address: 3030 Royal Blvd. South, Suite 125
_____

City, State, Zip Code: Alpharetta, Georgia 30022        Phone No.: (404) 400-1175

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.        _____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.      _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 65584618
Case Number: 20EV002252
Date: Apr 17 2020 01:15PM
LeNora Ponzo, Chief Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| TRACY J. GALLOWAY <br> Plaintiff, | ) <br> ) <br> ) |
| VS. | ) <br> ) <br> ) |
| RLI INSURANCE COMPANY, TRANSAM TRUCKING, INC., <br> AND JOSE R. MORALES ORTIZ <br> Defendant. | ) <br> ) <br> ) <br> ) |

CIVIL ACTION FILE NO. 20EV002252

## AFFIDAVIT OF SERVICE UPON TRANSAM TRUCKING, INC.

Personally appeared before me, an officer duly authorized by law to administer oaths, the person of FRANK L. SWINDLE - PROCESS SERVER, who after first being duly sworn, and states:

1.  My name is FRANK L. SWINDLE - PROCESS SERVER, and I am competent in all respects to testify regarding the matter set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of the above action and I am not related to any of the parties.

2.  I am a resident of the State of Georgia and a citizen of the United States of America and am over age twenty-one (21). I have been appointed as Process Server in the STATE COURT OF FULTON COUNTY and I have been assigned in the above styled case to perfect service of process of the pending Summons and Complaint upon TRANSAM TRUCKING, INC..

3.  On April 16, 2020 at approx. 1:40 pm at the 40 TECHNOLOGY PKWY S SUITE 300, NORCROSS, GA 30092 address, I personally served the pending SUMMONS TO DEFENDANT AND COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL, GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM, RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY, PLAINTIFF'S FIRST INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION TO DEFENDANT TRANSAM TRUCKING, INC., LEAVE OF ABSENCE FOR ZACHARY SHEWMAKER, ESQ., LEAVE OF ABSENCE FOR MICHAEL HORST, ESQ. upon TRANSAM TRUCKING, INC. by leaving said service documents with Alicia Smith, an Employee at Thompson/O'Brian, who is a designated representative of Corporation Service Company, the Registered Agent for TRANSAM TRUCKING, INC., and who is authorized to accept service of process on behalf of TRANSAM TRUCKING, INC.

This 17th of April, 2020.

_____
FRANK L. SWINDLE - PROCESS SERVER

Sworn to and subscribe before me
This 17th of April, 2020

_____
Notary Public,
My commission expires on 1/6/23

SELMA MUHAREMOVIC
NOTARY PUBLIC
GWINNETT COUNTY, GEORGIA

**State Court of Fulton County**
**\*\*E-FILED\*\***
**20EV002252**
**4/20/2020 4:41 PM**
**LeNora Ponzo, Clerk**
**Civil Division**

# IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| TRACY J. GALLOWAY, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE NO.: |
| | * | |
| v. | * | 20EV002252 |
| | * | |
| RLI INSURANCE COMPANY, | * | |
| TRANSAM TRUCKING, INC., and | * | |
| JOSE R. MORALES, | * | |
| | * | |
| Defendants. | * | |

_____

## ENTRY OF APPEARANCE

_____

Clay S. O'Daniel and Joel P. Purser, of the law firm of O'Daniel McDonald, hereby enter their appearance of record as counsel of RLI Insurance Company, TransAm Trucking, Inc. and Jose R. Morales. All pleadings, notices, and other correspondence should be sent to the undersigned at the address listed below.

Respectfully submitted this 20th day of April, 2020.

O'DANIEL McDONALD, LLC

/s/Clay S. O'Daniel
Clay S. O'Daniel
Georgia Bar No. 843070
Joel P. Purser
Georgia Bar No. 748466
9040 Roswell Road, Suite 500
Atlanta, GA 30350-3939
(404) 419-6300
(404) 419-6301 (fax)

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney does hereby certify that a true and correct copy of ENTRY OF

APPEARANCE was duly served upon Plaintiff by using the Odyssey eFileGA system for service

to Plaintiff's below counsel of record:

Michael W. Horst
Zachary S. Shewmaker
Horst Shewmaker, LLC
3030 Royal Blvd. South, Ste. 125
Alpharetta, GA 30022

This 20th day of April, 2020.


<u>/s/Clay S. O'Daniel</u>
Clay S. O'Daniel

State Court of Fulton County
**E-FILED**
20EV002252
4/20/2020 4:41 PM
LeNora Ponzo, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| TRACY J. GALLOWAY, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE NO.: |
| | * | |
| v. | * | 20EV002252 |
| | * | |
| RLI INSURANCE COMPANY, | * | |
| TRANSAM TRUCKING, INC., and | * | |
| JOSE R. MORALES, | * | |
| | * | |
| Defendants. | * | |

_____

## CONSENT MOTION TO DISMISS DEFENDANT
## RLI INSURANCE COMPANY WITHOUT PREJUDICE

_____

Plaintiff in the above-captioned matter, by and through counsel and with the consent of Defendants TransAm Trucking, Inc. Jose R. Morales, and RLI Insurance Company, move pursuant to O.C.G.A. § 9-11-21 for an Order dropping and dismissing without prejudice Defendant RLI Insurance Company as a party to this action.

WHEREFORE, Plaintiff prays that this Motion be granted and that Defendant RLI Insurance Co. be dropped and dismissed without prejudice as a Defendant to this action.

[SIGNATURES ON FOLLOWING PAGE]

Respectfully submitted, this 20th day of April, 2020.


HORST SHEWMAKER, LLC                    O'DANIEL McDONALD, LLC


/s/ Michael W. Horst (*by CSO w/ express permission*)    /s/ Clay S. O'Daniel
Michael W. Horst                        Clay S. O'Daniel
Georgia Bar No. 367837                  Georgia Bar No. 843070
Zachary S. Shewmaker                    Joel P. Purser
Georgia Bar No. 858381                  Georgia Bar No. 748466
3030 Royal Blvd. South, Ste. 125        9040 Roswell Road, Suite 500
Alpharetta, GA 30022                    Atlanta, GA 30350
(404) 400-1175                          (404) 419-6300
(404) 400-1176 (facsimile)              (404) 419-6301 (facsimile)

Attorneys for Plaintiff                 Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

The undersigned attorney does hereby certify that a true and correct copy of CONSENT MOTION TO DISMISS DEFENDANT RLI INSURANCE COMPANY WITHOUT PREJUDICE was duly served upon Plaintiff by using the Odyssey eFileGA system for service to Plaintiff's below counsel of record:

Clay S. O'Daniel
Joel P. Purser
O'Daniel McDonald, LLC
9040 Roswell Road
Suite 500
Atlanta, GA 30350

This the 20th day of April, 2020.

/s/ Michael W. Horst (*by CSO w/ express permission*)
Michael W. Horst

State Court of Fulton County
**E-FILED**
20EV002252
4/20/2020 4:41 PM
LeNora Ponzo, Clerk
Civil Division

# IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

TRACY J. GALLOWAY,           *

                              *

      Plaintiff,            *      CIVIL ACTION FILE NO.:

                              *

v.                           *      20EV002252

                              *

TRANSAM TRUCKING, INC., and   *

JOSE R. MORALES,            *

                              *

      Defendants.          *

---

## PROPOSED ORDER GRANTING CONSENT MOTION TO DISMISS DEFENDANT RLI INSURANCE COMPANY WITHOUT PREJUDICE

---

The Plaintiff's Consent Motion to Dismiss Defendant RLI Insurance Company Without Prejudice having been read and considered, IT IS HEREBY ORDERED that the Plaintiff's Consent Motion is GRANTED and RLI Insurance Company is dismissed from this action without prejudice pursuant to O.C.G.A. § 9-11-21.

The caption shall be amended accordingly as shown above.

SO ORDERED this _____ day of _____, 2020.

_____
JUDGE DIANE E. BESSEN,
FULTON COUNTY STATE COURT

Prepared By:

/s/ Clay S. O'Daniel
Clay S. O'Daniel
Georgia Bar No. 843070
O'Daniel McDonald, LLC
9040 Roswell Road, Suite 500
Atlanta, GA 30350
404-419-6300

State Court of Fulton County
**E-FILED**
20EV002252
4/20/2020 4:41 PM
LeNora Ponzo, Clerk
Civil Division

# IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

TRACY J. GALLOWAY,          *

                             *

        Plaintiff,         *      CIVIL ACTION FILE NO.:

                             *

v.                         *      20EV002252

                             *

RLI INSURANCE COMPANY,      *

TRANSAM TRUCKING, INC., and   *

JOSE R. MORALES,          *

                             *

        Defendants.      *

---

## STIPULATED PROTECTIVE ORDER

---

1.      PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production by the parties and certain non-parties of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement does not confer blanket protection on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal. Any documents (including briefs), tangible things or information designated as confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court.

References below to a "party" include, where relevant, any non-party that produces documents, tangible things, or information in this action and invokes the protections of this Order.

2.    "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following information, documents, and tangible things (collectively, "material") produced or otherwise exchanged:

        a.    Video footage of the at-issue traffic incident, as more particularly described in Plaintiff's Complaint for Damages, taken by the dashboard camera in the tractor operated by Defendant Jose R. Morales.

3.    SCOPE

The protections conferred by this agreement cover not only Confidential material (as defined above), but also (1) any information copied or extracted from Confidential material; (2) all copies, excerpts, summaries, or compilations of Confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles. A receiving party may use Confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement.   Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

by the Court or permitted in writing by the designating party, a receiving party may disclose any Confidential material only to:

(a)     the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the Court, court personnel, the jury, and court reporters and their staff;

(d)     copy or imaging services retained by counsel to assist in the duplication of Confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any Confidential material;

(e)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g)     mock trial and jury consultants, including, but not limited to, mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(h)     any mediator retained by the parties or appointed by the Court in this action and employees of such mediator who are assisting in the conduct of the mediation.

      4.3   <u>Filing Confidential Material</u>. Before filing Confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the Confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.

5.     DESIGNATING PROTECTED MATERIAL

      Except as otherwise provided in this agreement or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.  Designation in conformity with this Order requires that the subject video file contain the word "CONFIDENTIAL" in the file name.

6.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

      If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

         (a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

         (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement.  Such notification shall include a copy of this agreement; and

         (c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

7.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

8.     TERMINATION AND RETURN OF DOCUMENTS

Within sixty (60) days after the termination of this action, including all appeals, each receiving party must return all Confidential material to the producing party, including all copies, extracts and summaries thereof.  Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one (1) archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.


[SIGNATURE CONTAINED ON FOLLOWING PAGE]


Page 5 of 6

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: April 20, 2020.

By: _____

Michael W. Horst
Georgia Bar No. 367837
Zachary S. Shewmaker
Georgia Bar No. 858381
HORST SHEWMAKER, LLC
3030 Royal Blvd. South, Ste. 125
Alpharetta, GA 30022

*Counsel for Plaintiff*

By: _____

Clay S. O'Daniel
Georgia Bar No. 843070
Joel P. Purser
Georgia Bar No. 748466
O'DANIEL McDONALD, LLC
9040 Roswell Road, Suite 500
Atlanta, GA 30350

*Counsel for Defendants*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:_____

_____
Honorable Diane E. Bessen
Judge of the State Court of Fulton County

Page 6 of 6

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order issued by the

State Court of Fulton County in the State of Georgia, in the case of Tracy J. Galloway v. RLI

Insurance Company, TransAm Trucking, Inc. and Jose R. Morales, Case No. 20EV002252.  I

agree to comply with and to be bound by all the terms of the Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the State Court of Fulton County in the State

of Georgia for the purpose of enforcing the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after termination of this action.

Dated: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

## CERTIFICATE OF SERVICE

The undersigned attorney does hereby certify that a true and correct copy of STIPULATED

PROTECTIVE ORDER was duly served upon Plaintiff by using the Odyssey eFileGA system for

service to Plaintiff's below counsel of record:

Michael W. Horst
Zachary S. Shewmaker
Horst Shewmaker, LLC
3030 Royal Blvd. South, Ste. 125
Alpharetta, GA 30022

This the 20th day of April, 2020.

Clay S. O'Daniel

State Court of Fulton County
**E-FILED**
20EV002252
4/20/2020 2:41 PM
State Court of Fulton County
***PLACED***
LeNora Ponzo, Clerk
File & ServeXpress    Civil Division

Transaction ID: 65596852
Case Number: 20EV002252
Date: Apr 23 2020 03:24PM
LeNora Ponzo, Chief Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| TRACY J. GALLOWAY, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE NO.: |
| | * | |
| v. | * | 20EV002252 |
| | * | |
| RLI INSURANCE COMPANY, | * | |
| TRANSAM TRUCKING, INC., and | * | |
| JOSE R. MORALES, | * | |
| | * | |
| Defendants. | * | |

---

## STIPULATED PROTECTIVE ORDER

---

1.      PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production by the parties and certain non-parties of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement does not confer blanket protection on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal. Any documents (including briefs), tangible things or information designated as confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court.

References below to a "party" include, where relevant, any non-party that produces documents, tangible things, or information in this action and invokes the protections of this Order.

2.      "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following information, documents, and tangible things (collectively, "material") produced or otherwise exchanged:

> a.      Video footage of the at-issue traffic incident, as more particularly described in Plaintiff's Complaint for Damages, taken by the dashboard camera in the tractor operated by Defendant Jose R. Morales.

3.      SCOPE

The protections conferred by this agreement cover not only Confidential material (as defined above), but also (1) any information copied or extracted from Confidential material; (2) all copies, excerpts, summaries, or compilations of Confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.      ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1     Basic Principles. A receiving party may use Confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement.   Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

by the Court or permitted in writing by the designating party, a receiving party may disclose any Confidential material only to:

      (a)     the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

      (b)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (c)     the Court, court personnel, the jury, and court reporters and their staff;

      (d)     copy or imaging services retained by counsel to assist in the duplication of Confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any Confidential material;

      (e)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

      (f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

      (g)     mock trial and jury consultants, including, but not limited to, mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

      (h)     any mediator retained by the parties or appointed by the Court in this action and employees of such mediator who are assisting in the conduct of the mediation.

4.3     <u>Filing Confidential Material</u>. Before filing Confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the Confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.

5.     DESIGNATING PROTECTED MATERIAL

Except as otherwise provided in this agreement or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.  Designation in conformity with this Order requires that the subject video file contain the word "CONFIDENTIAL" in the file name.

6.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement.  Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

Page 4 of 6

7.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

8.     TERMINATION AND RETURN OF DOCUMENTS

Within sixty (60) days after the termination of this action, including all appeals, each receiving party must return all Confidential material to the producing party, including all copies, extracts and summaries thereof.  Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one (1) archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

[SIGNATURE CONTAINED ON FOLLOWING PAGE]

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: April 20ᵗʰ 2020.

By: _____

Michael W. Horst
Georgia Bar No. 367837
Zachary S. Shewmaker
Georgia Bar No. 858381
HORST SHEWMAKER, LLC
3030 Royal Blvd. South, Ste. 125
Alpharetta, GA 30022

*Counsel for Plaintiff*

By: _____

Clay S. O'Daniel
Georgia Bar No. 843070
Joel P. Purser
Georgia Bar No. 748466
O'DANIEL McDONALD, LLC
9040 Roswell Road, Suite 500
Atlanta, GA 30350

*Counsel for Defendants*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: April 23, 2020            _____

Honorable Diane E. Bessen
Judge of the State Court of Fulton County

Page 6 of 6

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order issued by the

State Court of Fulton County in the State of Georgia, in the case of Tracy J. Galloway v. RLI

Insurance Company, TransAm Trucking, Inc. and Jose R. Morales, Case No. 20EV002252.  I

agree to comply with and to be bound by all the terms of the Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the State Court of Fulton County in the State

of Georgia for the purpose of enforcing the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after termination of this action.

Dated: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

## CERTIFICATE OF SERVICE

The undersigned attorney does hereby certify that a true and correct copy of STIPULATED

PROTECTIVE ORDER was duly served upon Plaintiff by using the Odyssey eFileGA system for

service to Plaintiff's below counsel of record:

Michael W. Horst
Zachary S. Shewmaker
Horst Shewmaker, LLC
3030 Royal Blvd. South, Ste. 125
Alpharetta, GA 30022

This the 20th day of April, 2020.

Clay S. O'Daniel

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 65592863
Case Number: 20EV002252
Date: Apr 22 2020 11:38AM
LeNora Ponzo, Chief Clerk
Civil Division

TRACY J. GALLOWAY )
Plaintiff, )
 )
VS. )
 )     CIVIL ACTION FILE NO. 20EV002252
 )
RLI INSURANCE COMPANY, TRANSAM TRUCKING, INC., )
AND JOSE R. MORALES ORTIZ )
Defendant. )
 )

## AFFIDAVIT OF SERVICE UPON TRANSAM TRUCKING, INC.

Personally appeared before me, an officer duly authorized by law to administer oaths, the person of FRANK L. SWINDLE -
PROCESS SERVER, who after first being duly sworn, and states:

1.  My name is FRANK L. SWINDLE - PROCESS SERVER, and I am competent in all respects to testify regarding the matter
    set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in
    the outcome of the above action and I am not related to any of the parties.

2.  I am a resident of the State of Georgia and a citizen of the United States of America and am over age twenty-one
    (21).I have been appointed as Process Server in the STATE COURT OF FULTON COUNTY and I have been assigned in
    the above styled case to perfect service of process of the pending Summons and Complaint upon TRANSAM
    TRUCKING, INC..

3.  On April 21, 2020 at approx. 3:50 pm at the 410 EAST TAYLOR ST., STE G, GRIFFIN, GA address, I personally served
    the pending SUMMONS TO DEFENDANT AND COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL, GENERAL
    CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM, RULE 5.2 CERTIFICATE OF SERVICE OF
    DISCOVERY, PLAINTIFF'S FIRST INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS
    FOR ADMISSION TO DEFENDANT TRANSAM TRUCKING, INC., LEAVE OF ABSENCE FOR ZACHARY SHEWMAKER, ESQ.,
    LEAVE OF ABSENCE FOR MICHAEL HORST, ESQ. upon TRANSAM TRUCKING, INC. by placing said service documents
    in the hands of a woman (Caucasian Female, approx. 5'5" tall, approx. 30-35 yrs. of age, approx. 200lbs). who
    answered the door and identified herself as RENEE PRICE an employee at THE FINANCIAL INTEGRITY GROUP. RENEE
    PRICE stated that she is authorized to accept service of process upon TRANSAM TRUCKING, INC and that she has
    accepted service upon TRANSAM TRUCKING, INC in the past..

This 22ND of April, 2020.

_____
FRANK L. SWINDLE - PROCESS SERVER

Sworn to and subscribe before me
This 22ND of April, 2020

_____
Notary Public,
My commission expires on  1/6/23

SELMA MUHAREMOVIC
NOTARY PUBLIC
GWINNETT COUNTY, GEORGIA

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 65592863
Case Number: 20EV002252
Date: Apr 22 2020 11:38AM
LeNora Ponzo, Chief Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

TRACY J. GALLOWAY                    )
Plaintiff,                           )
                                     )
VS.                                  )        CIVIL ACTION FILE NO. 20EV002252
                                     )
RLI INSURANCE COMPANY, TRANSAM TRUCKING, INC.,  )
AND JOSE R. MORALES ORTIZ            )
Defendant.                           )
                                     )

## AFFIDAVIT OF SERVICE UPON RLI INSURANCE COMPANY

Personally appeared before me, an officer duly authorized by law to administer oaths, the person of FRANK L. SWINDLE - PROCESS SERVER, who after first being duly sworn, and states:

1.   My name is FRANK L. SWINDLE - PROCESS SERVER, and I am competent in all respects to testify regarding the matter set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of the above action and I am not related to any of the parties.

2.   I am a resident of the State of Georgia and a citizen of the United States of America and am over age twenty-one (21). I have been appointed as Process Server in the STATE COURT OF FULTON COUNTY and I have been assigned in the above styled case to perfect service of process of the pending Summons and Complaint upon RLI INSURANCE COMPANY thru its Registered Agent, The Financial Integrity Group.

3.   On Apr 21, 2020 at approx. 12:30 am at the 40 TECHNOLOGY PKWY S SUITE 300, NORCROSS, GA 30092 address, I personally served the pending SUMMONS TO DEFENDANT AND COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL, GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM, RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY, PLAINTIFF'S FIRST INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION TO DEFENDANT VELOCITY INSURANCE COMPANY - A RISK RETENTION GROUP, LEAVE OF ABSENCE FOR ZACHARY SHEWMAKER, ESQ., LEAVE OF ABSENCE FOR MICHAEL HORST, ESQ. upon RLI INSURANCE COMPANY by leaving said service documents with Alicia Smith, an Employee at Thompson/O'Brian, who is a designated representative of Corporation Service Company, the Registered Agent for RLI INSURANCE COMPANY, and who is authorized to accept service of process on behalf of RLI INSURANCE COMPANY .

This _22_ day of April, 2020.

_____
FRANK L. SWINDLE - PROCESS SERVER

Sworn to and subscribe before me
This _22_ day of April, 2020.
_____
Notary Public,
My commission expires on _1/6/23_

**State Court of Fulton County**
**\*\*E-FILED\*\***
20EV002252
4/20/2020 2:41 PM
\*\*\*\*E-FILED\*\*\*\*
LeNora Ponzo, Clerk
Civil Division
Transaction ID: 65593227
Case Number: 20EV002252
Date: Apr 22 2020 12:51PM
LeNora Ponzo, Chief Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

TRACY J. GALLOWAY,                *
                                  *
          Plaintiff,              *          CIVIL ACTION FILE NO.:
                                  *
v.                                *          20EV002252
                                  *
TRANSAM TRUCKING, INC., and       *
JOSE R. MORALES,                  *
                                  *
          Defendants.             *

---

## ~~PROPOSED~~ ORDER GRANTING CONSENT MOTION TO DISMISS DEFENDANT RLI INSURANCE COMPANY WITHOUT PREJUDICE

---

The Plaintiff's Consent Motion to Dismiss Defendant RLI Insurance Company Without Prejudice having been read and considered, IT IS HEREBY ORDERED that the Plaintiff's Consent Motion is GRANTED and RLI Insurance Company is dismissed from this action without prejudice pursuant to O.C.G.A. § 9-11-21.

The caption shall be amended accordingly as shown above.

SO ORDERED this 22nd day of _____April_____, 2020.

_____
JUDGE DIANE E. BESSEN,
FULTON COUNTY STATE COURT

Prepared By:

/s/ Clay S. O'Daniel
Clay S. O'Daniel
Georgia Bar No. 843070
O'Daniel McDonald, LLC
9040 Roswell Road, Suite 500
Atlanta, GA 30350
404-419-6300

**State Court of Fulton County**
***EFILED***
**File & ServeXpress**
Transaction ID: 65614859
Case Number: 20EV02252
Date: May 04 2020 02:19PM
LeNora Ponzo, Chief Clerk
Civil Division



# SHERIFF'S AFFIDAVIT OF SERVICE
**Personal Service**

**Docket # 20EV002252**

**IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA**

--------------------------------------------------------x

**TRACY J GALLOWAY**

PLAINTIFF/PETITIONER
VS

**RLI INSURANCE COMPANY,
TRANSAM TRUCKING, INC &
JOSE R MORALES ORTIZ**

DEFENDANT/RESPONDENT

--------------------------------------------------------x

**Sheriff's Case # 20017226**

ORPHEUS CUTTINO
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01CU6386661
Qualified in Nassau County
My Commission Expires: 01/28/2023

**STATE OF NEW YORK}
QUEENS COUNTY} SS:**

I, **MD ALAM**, Deputy Sheriff of the City and State of New York, authorized pursuant to my special duties to serve process, hereby affirm that: I am not a party to this action or proceeding and over 18 years of age. I further affirm that on **4/27/2020**, at approximately **5:30 PM** at **120 ASTORIA BOULEVARD APT#6F ASTORIA, NY 11102** in the County of **QUEENS**, I served the annexed: **SUMMONS & COMPLAINT FOR DAMANGES AND DEMAND FOR JURY TRIAL, REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUESS FOR ADMISSIONS TO DEFENDANT JOSE R. MORALES ORTIZ, RULE 5.2 CERTIFICATE OF SERVICE, CASE FILING INFORMATION FORM, LEAVES OF ABSENCES** upon **JOSE R MORALES ORTIZ**, in the following manner:

**[X] PERSONAL SERVICE**

By delivering to and leaving with, **MARCELLA MORALES**, a person of suitable age and discretion, who stated she was **MOTHER** to the respondent, a true copy thereof. Said address is the home of the respondent.

**[X] DESCRIPTION:**

Skin Complexion: **LIGHT**       Sex: **FEMALE**        Approx. Age: **69 YRS**     Height: **5'4"**
Weight:**140 lbs.**                  Hair Color:  **SALT AND PAPPER**

**[X] MAILING**

On 04/28/2020  I mailed the above mentioned process  by first class USPS mail to the respondent at his last known residence in an envelope bearing the legend **"PERSONAL AND CONFIDENTIAL"** and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the respondent.

I understand that false statements made herein are punishable as a class A misdemeanor pursuant to Penal Law §210.45.

**Dated: 4/28/2020**

**SHERIFF OF THE CITY OF NEW YORK
JOSEPH FUCITO**

BY: _____
**MD ALAM**
**DEPUTY SHERIFF**
**SHIELD # 466**

Notary
Sworn before me
this 30 day of April , 2020
Orpheus Cuttino

OFFICE OF THE SHERIFF OF THE CITY OF NEW YORK
30-10 STARR AVENUE